AGUSTÍN DAVIU VISCAL, Plaintiff and Appellee, *v.* MIRIAM FRAU SUBIRÁ, Defendant and Appellant.

No. R-66-6.    Decided September 5, 1967.

Raúl Matos, Raúl E. Matos, and *Armando Irizarry Hernández* for appellant. *William Morales Torres* for appellee.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Defendant-appellant had leased some premises on the ground floor of a building on Reina Street in Ponce to plaintiff-appellee. Defendant-appellant filed an unlawful detainer proceeding because she needed in good faith to recover the possession for the purpose of demolishing it in order to construct a new building thereon, according to the drawings duly approved by the proper authorities. Plaintiff-appellee was compelled to vacate the building after the parties signed the documents for a second lease in the reconstructed building required by subsection 8 of §. 12-A, letters (f) and (g) added to Act No. 464 of April 25, 1946—17 L.P.R.A. § 193. As soon as the building was vacated, defendant-appellant proceeded to demolish it in whole, although, as a result of certain inconveniences in her long term financing plan she has not been able to start the construction of the new building.

This is an action to recover the damages suffered by the tenant as a result of the eviction requested by the owner-lessor. We have carefully examined all the facts in the record and we honestly believe that no act of bad faith, negligence or intent to prejudice the plaintiff-appellee, essential ground for the action for damages which we have sanctioned in other cases, can be charged against defendant-appellant. The fact of not being able to obtain the bank financing needed for the new building is no cause for an action for damages which seeks to protect the tenant from the bad faith, deceitful conduct or simulated enterprise used to procure the eviction of the tenant.

The case of *Martínez* v. *Llavat*, 86 P.R.R. 223, 234; 235 (Santana Becerra) (1962), on which the decision of the trial court seems to rely, is different. In that case the lessor

made written demand to plaintiff to vacate the premises within a period of six months alleging that the building was in bad condition and he had decided to demolish it in order to reconstruct and use it as a warehouse. As a result of that demand the tenant vacated the premises in February 1957. On March 4, the tenant had asked the lessor in writing to inform him when the repairs would be terminated, inasmuch as he wanted to obtain his former premises, the lessor answering that, "that part of the law which previously permitted the reoccupation of the premises or part thereof has been repealed and declared unconstitutional, first, by judgment of the Circuit Court of Boston, and, second, by confirmation by this Supreme Court," and advised him to take notice of that situation and to remain in the premises to which he had moved. On May 3, in view of the fact that more than two months had elapsed since the building was vacated without the works having been started, the tenant requested the lessor in writing to release the premises which he had occupied, which request was not answered. Around that time in May, the lessor leased part of the vacant building to another tenant who paid offhand for the repairs made in the portion of the building rented to him. One year later, at the time the trial of this case was being held in the trial court, no work had been performed in the remainder of the building. At the trial the lessor alleged that the reason for not performing the work was the lack of funds but the evidence showed that the lessors owned more than twenty properties, many of which were free from encumbrances.

It is undeniable that in a set of facts like this one, there was margin to doubt of the good faith of the lessor, since the eviction of the tenant was procured in order to lease half of the property immediately to a new tenant who agreed to pay for the repairs. Contrary to the case of Martínez, in this case it is not established that defendant-appellant had

the necessary funds to start the new building despite having demolished the old one completely. This situation is similar to a forced withdrawal of a property from the rental market in which the prejudiced party is the lessor herself, situation which perhaps might force us to confront a probable issue of unconstitutionality.

For the reasons stated the judgment rendered by the Superior Court of Puerto Rico, Ponce Part, on December 6, 1965, in Civil Case No. CS-63-2392 of said Part, will be reversed.